*195 OPINION.
Marquette:
The first question presented for determination by the record in this proceeding is whether the petitioner is entitled to include in invested capital for the year 1919, the amount of $129,322.91, representing the appreciation in the value of its real estate which was realized upon the sale thereof to W. S. Mosher under the circumstances set forth in the findings of fact. It is the contention of the petitioner that shortly prior to May 1, 1918, it made to W. S. Mosher, as trustee for the other members of the Mosher family, what may, for the lack of a better term, be called an equitable conveyance of the property; that although the formalities necessary to convey the legal title were not consummated until January 3, 1919, the conveyance in reality T/as made prior to May 1, 1918, so as to invest W. S. Mosher with all the essential ownership, and that the purchase price became a debt due the corporation at that date which should be considered in determining surplus and profits as of December 31, 1918, and invested capital for 1919.
Upon consideration of the record before us we are of the opinion that the contention of the petitioner can not be sustained. The minutes of the meeting of the directors of the corporation held on January 3, 1919, recite that prior to May 1, 1918, an option had been given to W. S. Mosher to purchase the real estate in question, and the same recital is included in the deed conveying the property. Without specifically attacking the minutes or the deed, the petitioner has attempted to show that the recitals therein are not accurate and do not reflect what actually took place. However, they have failed to convince us on that point. Placing on the testimony the interpretation most favorable to the petitioner, it establishes no more than that shortly prior to May 1, 1918, the stockholders of the corporation at an informal meeting orally agreed to sell the real estate to W. S. Mosher as trustee at its book value. Even if we were to hold, which we do not, that real estate can be conveyed in the manner claimed by the petitioner, the evidence falls far short of establishing that any such conveyance was made in this case. A contract to sell real estate is not a conveyance thereof; it is not self-executing and an oral contract could not even be enforced. The status of the real estate in *196 volved herein, and of the several parties who were interested in the transaction with reference to it, was the same between the date of the agreement to sell and January 3, 1919, as it had been before the agreement was made. In our opinion there was no conveyance of the real estate until January 3, 1919, and the Commissioner, therefore, properly excluded the appreciated value of the real estate from the petitioner’s invested capital for the year 1919.
The petitioner, however, urges that if we hold that no sale of the real estate took place in the year 1918, the appreciation in the value thereof should nevertheless be included in invested capital for 1919, because such appreciation had occurred prior to March 1, 1913, and was a part of surplus or undivided profits as of that date. This contention has been effectively answered, adversely to the petitioner, by the decision of the United States Supreme Court in the case of LaBelle Iron Works v. United States, 256 U. S. 377, and a further discussion of this point will serve no useful purpose.
With reference to the debts due to the petitioner from E. H. Jones and the Simplex Ice Machine Co., which it claims as a deduction from gross income for the year 1920, we are satisfied that the debts were worthless in 1920 and were proper deductions from gross income in that year.
Judgment will be entered for the respondent on 15 days’ notice, under Bule 50.